1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11

12  JEMIER DORTCH,                    )  Case No. CV 14-2229 PSG (MRW)
                                      )
13               Petitioner,          )
                                      )
14        vs.                         )  ORDER DISMISSING ACTION
                                      )
15  D.K. JOHNSON, Warden,             )
                                      )
16               Respondent.          )
                                      )
17  _____  )

18

19

20        The Court vacates the reference of this action to the Magistrate Judge and

21  summarily dismisses the action pursuant to the successive habeas petition rule in

22  28 U.S.C. § 2244.

23                                    * * *

24        This is a state habeas action.  Petitioner pled guilty to involuntary

25  manslaughter and other charges in 2010.

26        Petitioner previously sought habeas relief from her conviction and sentence

27  in this Court.  Dortch v. Johnson, CV 13-6204 PSG (MRW).  In her initial habeas

28  action, Petitioner alleged numerous claims including ineffective assistance of

1 counsel, improper sentencing, and the late discovery of material relevant to her

2 case. However, the Court found Petitioner's action to be untimely under AEDPA.

3 In February 2014, the Court dismissed the action with prejudice. Dortch,

4 CV 13-6204, Docket # 25-26.

5       Petitioner filed the present habeas action in March 2014. This action alleges

6 constitutional violations regarding the restitution component of the criminal

7 sentence imposed in the same state homicide case. The current habeas petition was

8 not accompanied by a certificate from the Ninth Circuit Court of Appeals

9 authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

10       Magistrate Judge Wilner reviewed the petition in the present action shortly

11 after its filing. Judge Wilner directed Petitioner to submit a supplemental

12 statement as to why the action should not be dismissed as a second or successive

13 petition prohibited under AEDPA. (Docket # 4.)

14       Petitioner submitted a statement in response to Judge Wilner's Order.

15 (Docket # 6.) In her statement, Petitioner discussed the merits of her restitution

16 argument that she claims she discovered in early 2013 during the pendency of the

17 previous habeas action. Petitioner essentially acknowledged that she had not

18 received approval from the Ninth Circuit to file a successive action here, and asked

19 for additional "time to obtain permission from the Court of Appeals to proceed

20 forward with this matter." (Docket # 6 at 3.)

21                                                          \* \* \*

22       If it "appears from the application that the applicant or person detained is not

23 entitled" to habeas relief, a court may dismiss a habeas action without ordering

24 service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules

25 Governing Section 2254 Cases in United States District Courts (petition may be

26 summarily dismissed if petitioner plainly not entitled to relief); Local Civil

27 Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal

28

1  to district judge "if it plainly appears from the face of the petition [ ] that the
2  petitioner is not entitled to relief").
3       Under federal law, a state prisoner is generally required to present all
4  constitutional challenges to a state conviction in a single federal action.  A habeas
5  petition is second or successive – and subject to dismissal under 28 U.S.C.
6  § 2244(b) – when the petition "raises claims that were or could have been
7  adjudicated on the merits" in the first action.  McNabb v. Yates, 576 F.3d 1028,
8  1029 (9th Cir. 2009).  A prisoner must obtain authorization from the Court of
9  Appeals to pursue such a successive habeas petition before the new petition may be
10 filed in district court.  28 U.S.C. § 2244(b)(3).
11      Petitioner's petition with the Court is a challenge to the financial component
12 of her original manslaughter conviction.  Petitioner previously – and
13 unsuccessfully – sought federal habeas relief for that conviction.  Petitioner offers
14 no convincing evidence or argument as to why she did not and could raise this
15 issue in her previous habeas action.  As such, the current petition appears to be
16 successive.  The record demonstrates that Petitioner does not have permission from
17 the Ninth Circuit Court of Appeals to pursue this action.  The petition is therefore
18 subject to summary dismissal on this basis.
19                              * * *
20      From the face of the petition and in light of Petitioner's subsequent filing, it
21 is apparent that Petitioner is not entitled to pursue this federal habeas action.  The
22 action is therefore DISMISSED without prejudice.
23      IT IS SO ORDERED.
24
25 DATED: April 25, 2014
26                    _____
27                    HON. PHILIP S. GUTIERREZ
                      UNITED STATES DISTRICT JUDGE
28
                              3